United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40534
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MARTIN ALVARADO-GONZALEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(1:05-CR-895-ALL)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant  Martin  Alvarado-Gonzalez  (Alvarado)
appeals the 41-month sentence imposed following his plea of guilty
to being an alien unlawfully present in the United States following
deportation for an aggravated felony.  He contends that his 16-
level increase for a prior aggravated felony and his resultant
sentence were unreasonable in light of the factors set forth in 18
U.S.C. § 3553(a).

    Alvarado's sentence was within a properly calculated advisory
guideline range and is presumed reasonable.  See United States v.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Alonzo</u>, 435 F.3d 551, 554 (5th Cir. 2006).  Such a sentence is given "great deference," and we infer that the sentencing court considered all the factors for a fair sentence under § 3553(a).  <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 519-20 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005).  We conclude that Alvarado has failed to rebut the presumption that his sentence, which was at the bottom of the applicable range under the Sentencing Guidelines, was reasonable.  <u>See</u> <u>United States v. Smith</u>, 440 F.3d 704, 707 (5th Cir. 2006).

Alvarado challenges 18 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Alvarado's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Alvarado contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Alvarado properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.